FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 MAY 11 PM 2:49

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA AT OMAHA

DUANE L. CHRISTENSEN,

    Plaintiff,

v.

THE QWEST PENSION PLAN and THE
EMPLOYEE BENEFITS COMMITTEE OF
THE QWEST PENSION PLAN,

    Defendants.

NO. 8:04CV633

STIPULATION AND PROTECTIVE ORDER

## I.    STIPULATION

The parties hereby stipulate to the terms of the following Protective Order and agree that it may be entered by the Court without further notice of presentation to any party.

STIPULATION AND PROTECTIVE ORDER
(NO. 8:04CV633) - 1
[/BA051080.032]

DATED this 10th day of May, 2005.

**BROWN & BROWN, P.C., L.L.O.**

By  s/William C. Brown, Neb. Bar #18040
   PO Box 40
   Omaha, NE 68101-0040
   (402) 346-5010
   wbrown@bblaw.com

Attorneys for Plaintiff Duane L. Christensen

**PERKINS COIE LLP**

By  s/Donald W. Heyrich, Wash. Bar #23091
   Thomas M. Affolter, Wash. Bar #33723
   10885 NE Fourth Street, Suite 700
   Bellevue, WA  98004
   (425) 635-1400
   DHeyrich@perkinscoie.com

**CLINE, WILLIAMS, WRIGHT, JOHNSON & OLDFATHER LLP**

John C. Hewitt, Neb. Bar #18084
Janis J. Winterhof, Neb. Bar #21805
1125 S. 103rd Street, Suite 320
Omaha, NE 68124
(402) 397-1700

Attorneys for Defendants The Qwest Pension Plan and The Employee Benefits Committee of the Qwest Pension Plan

## II. ORDER

Pursuant to the foregoing stipulation of the parties, to NECiVR 5.3, and to Fed. R. Civ. P. 26(c), it is hereby ordered that the following provisions shall apply to all discovery in this litigation:

1. This Protective Order shall apply whether the materials or documents have been produced pursuant to formal discovery, by subpoena or by agreement.

2. The term "documents" as hereinafter used includes but is not limited to written, photographic or electronic media extracts, summaries thereof and attachments thereto; answers to interrogatories; requests for admission and answers thereto; deposition transcripts and exhibits; answers to requests for production; and any portions of Court papers which quote from or summarize any of the foregoing.

3. All documents, information and/or similar materials produced in this litigation, or specific portions thereof, may be marked or otherwise designated by the parties as "confidential" if:

   (a) They contain financial or other proprietary information that is held confidential by either party;

   (b) They include or are part of an individual's personnel or employee benefits records or similar files, including the individual's identifying information such as his or her name, address, telephone number, or social security number, that a party to this litigation treats as confidential; or

   (c) They describe, contain or disclose internal corporate information that is legitimately held confidential within the corporation; or

   (d) They are described in NECiVR 5.3(a) or (b).

The determination of whether produced materials fall into one of the above categories shall be made in the first instance by the party from whom discovery is sought. If there is a disagreement between the parties as to whether particular produced materials have been properly designated as "confidential," the dispute may be resolved by the Court.

4. The parties recognize that experience may disclose that further categories of documents should also be treated as "confidential." Entry of this Protective Order does not foreclose further agreements by counsel to keep documents confidential or application to the Court for protection of other confidential information.

5. If either party determines to mark information as confidential, that shall be done by stamping each confidential page of documents with the notice "confidential" prior to its production or, in the case of documents produced by non-parties to this litigation, within thirty (30) days of their receipt by counsel of record, the party requesting protection under this order shall notify opposing counsel in writing for which documents it is requesting a designation of "confidential" under this order. In the case of nondocumentary materials, "confidential" shall be marked prominently on the item.

6. Except as expressly provided for in this Protective Order, "confidential" materials and documents and any information contained therein shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity and shall be used only for the prosecution and/or defense of this litigation and for no other purpose. Notwithstanding the preceding, nothing in the Protective Order shall in any way limit or preclude either party from using any of the files, records, information or materials created or maintained for any of the business purposes for which they were created or maintained. In addition, this Protective Order does not preclude defendants from using any "confidential" documents or information produced by defendants to plaintiffs in this action, to defend its

position in other litigation, provided that if the confidential documents or information which defendants are attempting to use in other litigation relates to personal information or documents regarding the plaintiff, then defendants agree that they will make a good faith effort to obtain a Protective Order similar to this one to protect the confidentiality of the plaintiff's personal information. The same provision applies to plaintiff's productions. This provision does not serve as a release of any information defendants hold or obtain about plaintiff.

7. "Confidential" documents may be referred to in interrogatory answers, motions and/or briefs and may be used in depositions and marked as deposition exhibits in this litigation. However, no such document should be used for any of these purposes unless it, or the portion of the court paper wherein it is revealed, is appropriately marked and, if filed with the Court, is filed under seal or other appropriate protections under NECiVR 5.3(c) are arranged by the parties or the Court. Nothing in this Protective Order shall limit or prevent the use of any "confidential" document or material in open court at hearings in or during the trial of this litigation, provided that such use shall not relieve the parties from their obligations under this order, including, without limitation, the obligation to file "confidential" documents under seal.

8. Except as provided above or pursuant to Court order, "confidential" documents shall not be disclosed to anyone except:

(a) The attorneys of record and their employees involved in the conduct of this litigation and plaintiff;

(b) Any person who was an author or addressee of the document or who is shown on the document as having received a copy of it;

(c) The Court, Court personnel, Court reporters and similar Court personnel;

(d) Any deposition or trial witness in this litigation when shown to such witness before or during his or her testimony, provided the confidential item shown to the witness has a reasonable and bona fide relationship to his or her testimony and subject to paragraph 9 below;

(e) Consultants and experts retained by any party for purposes of assisting in the preparation, investigation or presentation of claims or defenses in this litigation;

(f) Those current or former employees, officers and/or directors of defendants who are assisting in prosecuting or defending this claim.

9. Prior to being shown "confidential" documents, any person falling within paragraph 8(d) through 8(f) hereof shall agree in writing to be bound by the terms of this order by signing an agreement to be found in the form of Attachment A hereto.

10. A deponent may, before or during the deposition, be shown and examined about stamped "confidential" documents subject to the terms of this Protective Order.

11. Either party may either during a deposition, or within twenty one (21) days after the date the deposition is held, designate portions of that deposition, and exhibits thereto not already designated confidential, as "confidential." Confidential information within the deposition shall be described by subject matter, if a transcript is not available, or may be designated by underlining the portions of the pages that are confidential and marking such pages with substantially the following legend: "Confidential – subject to protection pursuant to Court order." Until the expiration of the 21-day period, the entire deposition will be treated as subject to protection against disclosure under this Order unless both parties agree that no confidential information is at issue. In the event opposing counsel believes that any deposition passage so designated as confidential is not within the scope of this

Protective Order, counsel for both parties shall confer in an effort to resolve the matter. If counsel are unable to resolve their differences, the party advocating confidentiality shall promptly apply to this Court for a resolution of the dispute. Disputed documents shall remain confidential pending determination of their status by the Court. If a party does not timely designate confidential information in a deposition, then none of the transcript or its exhibits not previously designated as confidential will be treated as confidential unless otherwise agreed by the parties or ordered by the Court. If a timely designation is made, the confidential portions and exhibits shall be filed under seal. Nothing in this Protective Order shall limit the use of any deposition testimony or exhibits designated "confidential" in open court at any hearing in or during the trial of this litigation, provided that such use shall not relieve the parties from their obligations under this order, including, without limitation, the obligation to file "confidential" documents under seal.

12. No later than sixty (60) days following the "conclusion of these proceedings," as defined below, plaintiff's counsel shall return all "confidential" material to counsel for defendants, together with all abstracts, copies and other documents containing any information contained within the documents, including those portions of depositions designated as confidential pursuant to the Protective Order. No later than sixty (60) days following the "conclusion of these proceedings," as defined below, defendants' counsel shall return all "confidential" material to counsel for plaintiff, together with all abstracts, copies and other documents containing any information contained within the documents, including those portions of depositions designated as confidential pursuant to the Protective Order. "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals or the running of time for taking such appeals, as provided by applicable law.

13. The parties expressly acknowledge and agree that all remedies under Fed. R. Civ. P. 37 will be available to the Court, in its discretion, to sanction any violation of this order.

DONE IN OPEN COURT this 11th day of May, 2005.

*[signature]*

~~THE HONORABLE RICHARD G. KOPF~~
~~UNITED STATES DISTRICT JUDGE~~
U. S. Magistrate Judge

# ATTACHMENT A

I, _____, have been advised by counsel of record for plaintiff or defendant (circle one) in the matter of DUANE L. CHRISTENSEN V. THE QWEST PENSION PLAN AND THE EMPLOYEE BENEFITS COMMITTEE OF THE QWEST PENSION PLAN, United States District Court Cause Number 8:04cv633, of the Protective Order governing delivery, exhibition, publication or disclosure to me of confidential documents and information produced in this litigation, together with the information contained therein. I have read a copy of said Protective Order and agree to abide by its terms, including its limitation on any further delivery, exhibition, publication or disclosure of documents and information subject to the order.

DATED this ____ day of _____, 2005.

STIPULATION AND PROTECTIVE ORDER
(NO. 8:04CV633
) - 1
{/BA051080.032}