THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUANE L. CHRISTENSEN, | ) | 8:04CV633 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE QWEST PENSION PLAN | ) | |
| and THE EMPLOYEE BENEFITS | ) | |
| COMMITTEE OF THE QWEST | ) | |
| PENSION PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

On July 14, 2005, I granted summary judgment in favor of the defendants in this action brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq., finding that, based on the undisputed material facts, the Employee Benefits Committee of the Qwest Pension Plan did not violate its fiduciary duty or its duty under 29 U.S.C. §§ 1025 and 1132 to provide accurate benefit statements to plaintiff Duane Christensen.  (Filings 49 & 50.)

Now pending before the court is the plaintiff's motion (filing 51) to alter or amend that judgment pursuant to Fed. R. Civ. P. 59(e), in support of which the plaintiff asserts that evidence has been "discovered" that was not taken into consideration by the court in granting the defendants' "extraordinarily early motion for summary judgment."  (Filing 57, at 7 (Br. Reply Defs.' Opp'n Pl.'s Mot. to Alter or Amend Jmt.).)  In particular, the plaintiff claims that the deposition of Margarita Dobis, pension manager of the Qwest Pension Plan, was not taken until July 7, 2005, and a transcript of the deposition was not provided to the plaintiff's counsel until July 19, 2005, five days after entry of summary judgment in favor of the defendants.  The plaintiff contends that this deposition contradicts "factual assumptions" relied upon

1

by the court in issuing summary judgment and that consideration of this additional evidence "could alter the analysis and reasoning of the Court and lead to denial of Defendants' motion for summary judgment." (Filing 51 ¶ 1.)

Because Rule 59(e) does not specify the grounds upon which a motion to alter or amend judgment may be based, "the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995) (footnotes omitted). Courts have recognized four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of fact or law upon which the judgment is based; (2) to allow the moving party to present "newly discovered or previously unavailable evidence"; (3) to prevent "manifest injustice"; and (4) to consider an intervening change in controlling law. Id. at 125-127.

A Rule 59(e) motion may not be used to present evidence that "could have been raised prior to the entry of judgment." Id. at 127-128. Further, "amendment of the judgment will be denied if it would serve no useful purpose." Id. at 128. See National Bank of Commerce v. Dow Chemical Co., 165 F.3d 602, 607 n.5 (8th Cir. 1999) (introducing additional evidence on motion for reconsideration of summary judgment "only permitted in exceptional circumstances"; district court correctly refused to consider additional evidence when moving party "made no showing why the evidence could not have been presented earlier" and "the new affidavits are . . . of little help"); Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (district court has broad discretion in determining whether to grant Rule 59(e) motion, which serves "limited function" of correcting manifest errors of fact or law or allowing litigant to present newly discovered evidence; such motion may not be used to introduce new evidence which could have been offered or raised prior to entry of judgment); Global Network

<u>Technologies, Inc. v. Regional Airport Auth.</u>, 122 F.3d 661, 665 (8th Cir. 1997) (Rule 59(e) motion may not be used to present new evidence that could have been introduced during pendency of summary judgment motion).

In granting summary judgment in favor of the defendants in this case, I considered the undisputed material facts presented in the Declaration of Margarita Dobis and accompanying exhibits (filing 23). I also noted that despite Plaintiff's counsel's statements throughout his brief that information in Dobis's declaration was "not . . . established by the administrative record in this case" and that Plaintiff "has no information, nor has he had reasonable opportunity to discover same, regarding those factual allegations," Plaintiff did not file an affidavit stating that he could not present facts essential to justify his opposition to Defendants' motion for summary judgment without further discovery pursuant to Fed. R. Civ. P. 56(f).[1] Defendants' counsel has also filed evidence establishing that at the beginning of this litigation, Plaintiff's counsel indicated to opposing counsel that all claims were appropriate for disposition by summary judgment; no discovery was necessary before the filing of summary judgment motions; and there should be no interrogatories or depositions in this case. (Filing 32, Decl. Donald W. Heyrich & Ex. A (Draft of Rule 26(f) Report Prepared by Plaintiff's Counsel).)

Under these circumstances—and considering that Fed. R. Civ. P. 56(b) allows a motion for summary judgment to be filed by a defending party "at any time"—the entry of summary judgment in favor of Defendants in this case was not premature.

---

[1] Fed. R. Civ. P. 56(f) allows a party opposing a motion for summary judgment to request that the court postpone its ruling until discovery is completed. A party invoking this rule must affirmatively demonstrate why he or she cannot respond to the summary judgment motion and how postponement of a ruling on the motion would enable him or her to rebut the movant's showing of absence of a genuine issue of fact. Plaintiff Christensen did none of these things. <u>Puckett v. Cook</u>, 864 F.2d 619, 622 (8th Cir. 1989).

<u>Wallace v. Dorsey Trailers Southeast, Inc.</u>, 849 F.2d 341, 344 (8th Cir. 1988).

I am also unpersuaded by Plaintiff's argument that I should alter or amend the judgment in order to consider previously "unavailable" evidence—that is, the deposition of Margarita Dobis, pension manager of the Qwest Pension Plan (filing 53).

Christensen filed this case on December 21, 2004. The defendants filed their motion for summary judgment (filing 21) on February 22, 2005, supported by the declaration of Margarita Dobis with exhibits (filing 23). Christensen filed his response to the defendants' motion on March 14, 2005 (filings 27 & 28), and the defendants filed a reply on March 21, 2005 (filings 31 & 32). Christensen then moved to file a surreply and additional evidence on March 22, 2005 (filing 33), but withdrew that request on April 6, 2005 (filing 36). On May 24, 2005, Christensen filed a Notice to Take Deposition of Margarita Dobis (filing 46), which occurred on July 7, 2005. I granted summary judgment in favor of the defendants on July 14, 2005 (filings 49 & 50). Christensen's counsel claims he did not receive the transcript of the Dobis deposition until July 19, 2005, making the evidence "unavailable" for the court's consideration of the defendants' summary judgment motion.

It is clear that Christensen's counsel knew about Dobis as a source of relevant information on February 22, 2005, when the defendants filed the Dobis declaration in support of their motion for summary judgment. Yet Christensen's counsel did not depose her until July 7, 2005. Further, after Christensen's counsel took Dobis's deposition on July 7, this court had still not ruled on the defendant's summary judgment motion. If counsel thought the Dobis deposition revealed evidence critical to the court's decision, he could have easily filed a motion for a continuance to allow further discovery or, at least, receipt of the deposition transcript. Under these circumstances, I cannot construe the Dobis deposition as "unavailable" or "newly discovered" evidence sufficient to support granting the plaintiff's motion to alter or

4

amend judgment. See Russ v. International Paper Co., 943 F.2d 589, 593 (5th Cir. 1991) (district court properly denied plaintiffs' motion to reconsider grant of summary judgment in favor of defendant; in support of motion, plaintiffs presented affidavit of expert witness who had been designated as such prior to entry of summary judgment; court concluded plaintiffs should not be permitted to remedy their proof on summary judgment when "the information on which [the witness's] affidavit relies was obviously available to the plaintiffs prior to that time."); Lovell v. Hamp, 228 F. Supp. 2d 773, 775-76 (N.D. Miss. 2001) (motion to reconsider grant of summary judgment in favor of defendants denied when plaintiff asked court to consider deposition testimony that existed while summary judgment motion was pending, but plaintiff "had not received the transcripts and thus did not mention them in his response [to the summary judgment motion]"; court found such evidence "available," as plaintiff could have requested expedited transcription or informed court that such information existed; unexcused failure to present evidence that is available at time summary judgment motion is under consideration is valid basis to deny motion to reconsider).

In any event, my review of the Dobis deposition (filing 53) leads me to conclude that the testimony therein does not create a genuine issue of material fact as to the elements of Christensen's claims. "[A]mendment of the judgment will be denied if it would serve no useful purpose." Federal Practice and Procedure § 2810.1, at 128. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment (filing 51) is denied.

October 6, 2005.

                                    BY THE COURT:
                                    s/ *Richard G. Kopf*
                                    United States District Judge